UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TIMOTHY R. PETROZZI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 25-0110 (UNA) |
| | ) |
| REDMOND BARNES, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the Court on initial review of plaintiff's application for leave to proceed *in forma pauperis*, ECF No. 2, *pro se* complaint, ECF No. 1, and motion for default judgment, ECF No. 3. The Court will grant the *in forma pauperis* application, dismiss the complaint without prejudice, and deny the motion for default.

Complaints filed by *pro se* litigants are held to "less stringent standards" than those applied to pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. FED. R. CIV. P. 8(a). It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer, mount an adequate defense, and determine

1

whether the doctrine of res judicata applies.  *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

The instant complaint is long on defendants (totaling 123), *see* Compl. at 1-22 (page numbers designated by CM/ECF), and short on factual allegations.  Somehow a disparate group of defendants, among whom are the Clerk of the Supreme Court of the United States, employees of the District of Columbia Public Library, the General Manager of the Washington Metropolitan Area Transit Authority, the Mayor of the District of Columbia, judges of the United States District Court for the Western District of Washington, and Presidents of the United States of America, manage to violate plaintiff's First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth and Fourteenth Amendment rights, *see* Compl. at 23.  In addition, these defendants allegedly have inflicted such great harm on plaintiff, *see id*. at 24, that he demands damages totaling $90 Duodecillion, *see id*.

As drafted, the complaint fails to meet the minimal pleading standard set forth in Rule 8(a), as it does not contain a short and plain statement showing plaintiff's entitlement to relief.  There are far too factual allegations, and no defendant has proper notice of the claim(s) plaintiff is bringing.

An Order is issued separately.

DATE: February 18, 2025                            /s/
                                                   RUDOLPH CONTRERAS
                                                   United States District Judge